UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

PHILLIP DOMINGUEZ,

                Plaintiff,

-against-

WILLIAM H. MILLER;
LONG ISLAND RAILROAD COMPANY;
M.D. CHIRILLO; D.J. HORRELL;
MICHAEL BARTO; RICHARD KRASON;
GEORGE FARRELL,

                Defendants.
----------------------------------------X

**MEMORANDUM AND ORDER**
12 CV 00231 (CBA) (LB)

**AMON, Chief United States District Judge**

    Plaintiff, Phillip Dominguez, brings this action pursuant to the Railway Labor Act. Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the statutory filing fee of $350.00 within fourteen (14) days of the date of this Order in order to proceed with this action.

    The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170 (JSM), 2002 WL 868269, at *2 (S.D.N.Y. May 3,

2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Choi v. Chemical Bank, 939 F.Supp. 304, 308 (S.D.N.Y. 1996)).

The financial declaration form that plaintiff has submitted ("Decl.") does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff states that he is presently employed by Delta Airlines, with a gross salary of $2,300.00 per month. Decl. ¶ 2. Moreover, it appears that plaintiff does not pay for housing and his monthly bills are negligible. Id. ¶ 6. For financial obligations, plaintiff alleges that he has credit card and some other debt. Id. ¶ 8. Plaintiff's declaration establishes that he has sufficient resources to pay the $350.00 filing fee to commence this action, and his request to proceed IFP is therefore denied.

Accordingly, plaintiff must pay the $350 filing fee within fourteen (14) days of the date of this Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Carol B. Amon
Chief United States District Judge

Dated: January 26, 2012
Brooklyn, New York